**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| MARGARET HEIS, | Case No. 1:25-cv-478 |
| Plaintiff, | Hopkins, J. |
| v. | Bowman, M.J. |
| HAMILTON COUNTY GOVERNMENT, et al., | |
| Defendants. | |

**REPORT AND RECOMMENDATION**

By separate Order issued this date, Plaintiff Margaret Heis has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. The complaint is now before the Court for a *sua sponte* review to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). For the reasons that follow, the undersigned recommends that the complaint be dismissed.

**I. General Screening Authority**

Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if satisfied that the action is frivolous or malicious. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams*, 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the

defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress has also authorized the *sua sponte* dismissal of complaints which fail to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915 (e)(2)(B)(ii). Although a plaintiff's *pro se* complaint must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers," the complaint must "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (*per curiam*) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and quotation omitted)). The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010)("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915(e)(2)(B)(ii) and 1915A(b)(1)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept

2

all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.

## II. The Allegations of Plaintiff's Complaint

Plaintiff has tendered her complaint on a standard form used by pro se litigants to allege civil rights violations. As defendants, she names the Hamilton County Government, William Heis (whom she identifies as her ex-husband), and Andrew Stovffer (address unknown). Plaintiff alleges subject matter jurisdiction exists under 28 U.S.C. § 1343(3) based on violations of her civil rights. *See generally* 42 U.S.C. § 1983. (Doc. 1-1, PageID 5). In a preliminary statement, Plaintiff alleges that she suffers from PTSD and is disabled, and that her PTSD "did not allow me to defend myself in Hamilton County Court." (Doc. 1-1, PageID 4.)

In a more complete handwritten "Statement of Claim," Plaintiff first states that she has "no idea who the plaintiff is or what their problem is," before alleging as follows:

> I have been [sic] my disability was decided by jury that Hamilton County Court was found guilty of [exacerbating] my disability of post-traumatic stress disorder. Federal Judge Carl Rubin issued a decision that people with mental disabilities could not be held to time limits such as statues [sic] of limitations, etc. Because our brains cannot process time correctly [illegible] gave me the right to sue in federal court overturning the EEOC denial.

3

Stress is a killer.

(Doc. 1-1, PageID 6.) Plaintiff concludes with a lengthy list of what are presumed to be her medical diagnoses. (*Id.*, PageID 6-7.)

In a section concerning prior lawsuits filed in this Court, Plaintiff lists No. 95-cv-10, an employment discrimination case in which she is listed as one of three plaintiffs who filed suit against Hamilton County, Ohio, the Hamilton County Building Commissioner, and two other individual defendants. The undersigned takes judicial notice that one or both of Plaintiff's co-plaintiffs in the 1995 case appear to be the same individuals that Plaintiff has now named as defendants: William J. Heis and Andrea J. Stoeffer.[1] After identifying her 1995 case as previously litigated in this Court, Plaintiff writes "Much not included in final because my life being threateded [sic] by a DRVO Mob & very high up politicians (H.C.) in business with them." (Doc. 1-1, PageID 7.)

Under the "Relief" section of the instant complaint form, wherein litigants are asked to state "exactly what you want the court to do for you," Plaintiff has written the following[2]:

> After my divorce & my ex's quitclaim deed I wanted to release him from the mortgage. Being a single female owning a construction co. startup a new loan was hard to get until a man named Rob Malone overheard my plight ^ said he was with Starpoint Mortgage & the mortgage was with Countrywide originally started my "Steve Mnueschen & George Souros" [sic] predatory loan. I bought my home July 1986. Pres. Obama had Bank America give me a home loan waiver added a <u>40 loan</u> [sic] loan on top of the remain of my origina[al] 30 year loan with the final payment being 7/2051. Hard to do This [illegible] murder VA July 6, 1991.

(Doc. 1-1, PageID 7 (emphasis original).)

---

[1]Plaintiff's handwriting is quite difficult to decipher. Although the docketing clerk interpreted the second defendant's name in the instant case as "Andrew Stovffer," close examination suggests that Plaintiff may have written "Andrea. [N or D] Stouffer," a name that differs only in its middle initial to the name of the second co-plaintiff in her 1995 lawsuit.
[2]The undersigned has deciphered Plaintiff's handwriting to the best of her ability.

### III. Analysis

Plaintiff's complaint should be dismissed for failure to state any plausible claim. To the extent that Plaintiff's new pro se case relates to her thirty-year-old case against Hamilton County, it is time-barred as well as barred by the application of res judicata or claim preclusion. Through retained counsel, plaintiff and two co-plaintiffs previously litigated No. 95-cv-10 as an employment discrimination case before U.S. District Judge Susan J. Dlott. Following discovery, Judge Dlott presided over a seven-day trial that culminated in a jury verdict on October 29, 1996 in favor of Ms. Heis on her discrimination claims. (*Id*., Doc. 66.) Following that verdict, the parties entered into a settlement and agreed to dismiss the case with prejudice. (*Id*., Doc. 81.) Plaintiff cannot reopen No. 95-cv-10 at this point in time, and is barred from reasserting any previously litigated claims.

To the extent that Plaintiff is not seeking to reassert claims in No. 95-cv-10 but is instead seeking to file a new civil rights lawsuit under 42 U.S.C. § 1983, her complaint also should be dismissed. Federal courts are courts of limited jurisdiction. Plaintiff generally alleges that federal subject matter jurisdiction exists under 28 U.S.C. § 1343(3) based on alleged violations of her civil rights. *See generally* 42 U.S.C. § 1983. But to establish a federal civil rights claim under 42 U.S.C. § 1983, Plaintiff must show: (1) that she was deprived of a right secured by the Constitution or the laws of the United States, and (2) that the deprivation was caused by a person acting under color of state law. *Moore v. City of Paducah,* 890 F.2d 831, 833-34 (6th Cir.1989).

Plaintiff asserts no particular facts against Hamilton County other than that the County was previously found guilty of exacerbating her PTSD. Plaintiff fails to include any facts that plausibly allege any violation of federal law or of Plaintiff's constitutional rights

5

by Hamilton County. In addition, Plaintiff does not allege that any County "policy or custom" was the "moving force" behind any alleged violation of her constitutional rights. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694-95 (1978). "It is firmly established that a municipality, or ... a county, cannot be held liable under § 1983 for an injury inflicted solely by its employees or agents." *Gregory v. Shelby County, Tenn.*, 220 F.3d 433, 441 (6th Cir. 2000) (citing *Monell*, 436 U.S. at 694).

Plaintiff fails to state any plausible § 1983 claim against the two individual defendants for similar reasons. Neither Plaintiff's ex-husband nor Andrew Stovffer[3] appear to be state actors. In addition, there are no allegations at all that refer to Defendant Stovffer (or to Defendant Stouffer, if the name is misspelled). To the extent that Plaintiff is complaining about some form of "predatory loan" on her home, she does not tie the allegations to any of the named Defendants. In short, Plaintiff's allegations consist of implausible accusations that do not withstand analysis under the minimal pleading standards established by *Iqbal* and *Twombly*. Therefore, Plaintiff fails to state any viable claim under federal law. Because the complaint fails to state a claim upon which relief may be granted, it should be dismissed under 28 U.S.C. §1915(e)(2)(B).

### III. Conclusion and Recommendation

Accordingly, **IT IS RECOMMENDED THAT:**

1. This case be **DISMISSED with prejudice** under 28 U.S.C. § 1915(e)(2) for failure to state a claim on which relief may be granted;

2. The Court should certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation

---

[3] As previously stated, it is not clear whether the second individual defendant's name is "Andrew Stovffer" or "Andrea Stouffer."

would not be taken in good faith and therefore should deny Plaintiff leave to appeal *in forma pauperis*.

                                                         *s/Stephanie K. Bowman*
                                                         Stephanie K. Bowman
                                                         United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| MARGARET HEIS, | Case No. 1:25-cv-478 |
| Plaintiff, | Hopkins, J. |
| | Bowman, M.J. |
| v. | |
| HAMILTON COUNTY GOVERNMENT, et al., | |
| Defendants. | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).